FRATERNAL ORDER OF POLICE,
CAPITOL CITY LODGE NO. 9, ET AL.,
APPELLEES, *v.* CITY OF COLUMBUS,
APPELLANT.

(No. 84AP-50—Decided May 23, 1985.)

*Vorys, Sater, Seymour & Pease,*
*Jonathon M. Norman, James E. Phillips*
and *Anne C. Griffin,* for appellees.

*Gregory S. Lashutka,* city attorney,
*Patrick M. McGrath* and *Guy L. Reece*
*II,* for appellant.

STRAUSBAUGH, J. Defendant, city of
Columbus, appeals from the judgment of
the Franklin County Court of Common
Pleas granting plaintiffs' motion for
summary judgment and ordering it to
pay premiums and provide certificates
of insurance for each of the named plain-
tiffs under the group contract for health
insurance with Blue Cross of Central
Ohio and Ohio Medical Indemnity Mu-
tual Corporation, in addition to paying
money damages in the amount equal to
the monetary losses incurred by plain-
tiffs as a result of defendant's failure to
provide them with a separate certificate
of insurance.

The record reveals that on Novem-
ber 30, 1982, plaintiffs, the Fraternal
Order of Police, Capitol City Lodge No.
9 ("FOP") and nineteen female
members of the Columbus police force,
filed a complaint against defendant,
charging that the city of Columbus had
wrongfully refused to provide separate
and current family health insurance
coverage for married female officers,
except for Cheryl Moyer, while pro-
viding the same to their husbands. Plain-
tiffs noted that a denial of separate in-
surance policies for each spouse of a
two-officer family resulted in a signifi-
cant loss to the plaintiffs because they
were prohibited from coordinating the
benefits of both policies to achieve one
hundred percent coverage. Cheryl
Moyer did not receive a separate cer-
tificate of insurance, but it was alleged
that defendant had threatened to discon-
tinue the payment of premiums for her
coverage. Plaintiffs claimed that defen-
dant's actions were in violation of an
agreement entered into between de-
fendant and the FOP, containing the
agreed terms and conditions of the
employment of police officers including
their salary and benefits, and Columbus
Ordinance No. 2154-81, "the police
salary ordinance," in which the FOP
agreement was incorporated. Plaintiffs
requested that a declaratory judgment
be issued, establishing their rights with
respect to individual health insurance
coverage, an injunction or other order
requiring defendant to pay premiums
and provide insurance coverage to the
married female officers, an injunction
restraining defendant from discontinu-
ing insurance coverage for Cheryl
Moyer, and damages resulting from

defendant's violation of the agreement and ordinance.

On December 30, 1982, defendant filed a motion to dismiss those counts in plaintiffs' complaint which alleged a breach of the FOP agreement. The motion, however, was overruled by the trial court on February 16, 1983. Plaintiffs then filed an amended complaint, adding as a basis for their suit defendant's breach of the group health insurance contract entered into with Blue Cross of Central Ohio ("Blue Cross") and Ohio Medical Indemnity Mutual Corporation ("Blue Shield"). Plaintiffs claimed, as third-party beneficiaries of the agreement, that defendant failed to abide by the terms of its group contract by refusing to submit applications from married female officers who asked to be individually enrolled in the group coverage to Blue Cross and Blue Shield.

In response to plaintiffs' complaint, defendant admitted that an agreement had been entered into between the FOP and members of the city of Columbus executive administration, but that insurance coverage mandated by city ordinance was being maintained. Defendant also claimed that it was not bound by the FOP agreement and, in the alternative, contended that the insurance coverage required under the agreement was being provided.

Plaintiffs subsequently amended their complaint a second time to include the names of six more female officers. On September 9, 1983, plaintiffs filed a motion for summary judgment on count six of their second amended complaint based upon the group contract entered into by defendant with Blue Cross and Blue Shield. It was plaintiffs' contention that, because they were married to police officers, defendant had unilaterally decided that only one of the parties was entitled to enroll under the insurance policy. The other police officer was relegated to the position of "spouse" of the eligible employee and was entitled to insurance coverage only as such. Plaintiffs argued that, under the terms of the insurance agreement, defendant promised to notify each employee who was eligible for enrollment and to obtain and submit an application for each employee who wanted to enroll in the coverage. All sworn uniformed police officers were alleged to be eligible under the policy and, therefore, if requested, each eligible employee, regardless of the fact that he or she was married to another police officer, was entitled to individually enroll for family coverage under the group contract. In support of their motion, plaintiffs attached copies of the application for group contract, the group contract issued on February 6, 1979, subsequent extensions of the contract, a letter from Assistant City Attorney Donald Keller to Nicholas J. Rodono, of the Department of Finance, city of Columbus, concerning limitations of health coverage to one plan per family, and affidavits of all the plaintiffs, except Cheryl Moyer, stating that since the date of their marriages no representatives or officers of the city had notified them of their eligibility for enrollment in the group contract for insurance or submitted an application on their behalf. They also indicated that, when they notified the city of their desires to enroll for family coverage, they were told that under the city's policy they were not eligible because their husbands had already enrolled. Also included was defendant's answers to plaintiffs' interrogatories of November 30, 1982.

In response to plaintiffs' motion, defendant alleged that the group contract provided coverage per family not for each individual member of the family who was a sworn uniformed police officer, and that the coverage provided in the contract and as authorized under the Columbus salary ordinance was being provided to every police officer. In support of its memorandum contra, defen-

dant attached copies of the health care benefit program booklet and the affidavits of several employees involved in administering the insurance policy.

On November 22, 1983, the trial court granted plaintiffs' motion for summary judgment, holding that each sworn police officer was eligible for enrollment under the Blue Cross contract and, on December 15, 1983, the trial court's decision and order was journalized by entry with Civ. R. 54(B) language, there being no just reason for delay. From this order defendant now appeals, raising the following three assignments of error:

"1. The trial court erred in overruling defendant's motion to dismiss all allegations contained in plaintiffs' complaint based upon the 'agreement' between the Fraternal Order of Police Capital [sic] Lodge #9 and the city of Columbus.

"2. The trial court erred in ruling that each spouse of a married police officer couple of the city of Columbus is entitled to his or her own certificate of insurance.

"3. The trial court erred in ordering that both police officers in a police officer couple is [sic] entitled to maintain their own separate family coverage."

In its first assignment of error, defendant seeks a reversal of the trial court's order overruling its motion to dismiss all of the allegations in plaintiffs' complaint arising out of the agreement between the FOP and the city of Columbus. However, upon a review of defendant's notice of appeal filed on January 10, 1984, the appeal herein is directed only to the judgment of the trial court rendered on December 15, 1983, granting plaintiffs' motion for summary judgment on count six of its complaint. The order of February 16, 1983 denying defendant's motion to dismiss was not mentioned in the notice of appeal. App. R. 3(C) requires that the notice of appeal "shall designate the judgment, order or part thereof appealed from * * *." Without the proper filing of a notice of appeal from the order of the trial court overruling defendant's motion to dismiss, defendant did not purport to appeal from that order; therefore, this court will not consider defendant's assignment of error regarding that matter. Accordingly, defendant's first assignment of error is overruled.

Defendant's second and third assignments of error deal with the issue of whether each spouse of a married police couple is entitled to maintain his own separate family insurance coverage and to receive his own certificate of insurance, and therefore will be considered together.

It is defendant's contention that the group contract issued by Blue Cross and Blue Shield did not provide for primary and secondary coverage of the same individual. The contract clearly required only one family coverage for each family unit. Therefore, defendant contends that secondary coverage alone for one spouse in a married policy couple is proper under the group contract. Moreover, defendant argues that the trial court's judgment violated R.C. 3923.12(C)(2) when it ruled that each spouse in a married police couple was entitled to his or her own certificate of insurance. Under R.C. 3923.12(C)(2), defendant contends that family members need only be covered by one certificate when all family members are covered within the same group contract. Finally, defendant argues that the coordination of benefits sought by plaintiffs to achieve one hundred percent coverage was not allowable under the group contract.

The "Application for Group Contract," as extended through 1983, specifically provided, in pertinent part:

"1. APPLICATION. The Employer hereby applies for a group contract (hereinafter referred to as 'Contract') providing benefits to those

employees of the Employer who are, on the effective date set forth in the Contract, or who thereafter become, eligible for enrollment as provided in Schedule A, and to eligible family members of such employees. * * *"

Schedule A of the contract stated that every employee who was a sworn member of the uniformed personnel of the Division of Police was eligible for enrollment of himself and any eligible members of his family. Furthermore, under the section of the application dealing with representations, covenants, and agreements of the employer, the application states:

"(b) The Employer will notify each employee who hereafter becomes eligible for enrollment and each employee eligible for enrollment during any Re-enrollment Period, of his eligibility and will obtain and submit to the Plans application acceptable to the Plans for each such employee desiring to enroll. Enrollment of new employees shall be made in accordance with the procedures set forth in Schedule D."

Under the group contract as modified in 1982, reference is again made in Section 2(a) to the duty of defendant to submit applications for enrollment for all employees who perform services for the employer and who are listed on defendant's payroll. The problem arising herein stems from the fact that neither the application for group contract nor the group contract specifically addresses the situation where two eligible employees are married and both request individual enrollment in the group plan with family coverage provided to each party.

However, in light of the specific language of the contract as set forth above, it appears that the only reasonable interpretation of the contract is that individual coverage is required for each eligible employee who requests it regardless of his or her marital status and the eligibility of his or

her spouse. So long as the individual requesting enrollment fulfills the requirements of eligibility, as set forth in Schedule A, defendant is required to submit an application for that individual's enrollment under the contract in the desired form of coverage, either family or individual. Under the original group contract entered into in February 1979, Blue Cross and Blue Shield agreed to provide, or cause to be provided, to all enrolled eligible employees of the employer and their enrolled eligible family members, the health care benefits described in the attached certificates. As admitted in the pleadings by both parties, plaintiffs are sworn uniformed personnel of the Division of Police for the city of Columbus. Therefore, plaintiffs are eligible to enroll for benefits under the group contract including family coverage for each spouse in a married police couple, and defendant was under a duty to notify each eligible employee of his rights and submit an application on his behalf.

As for R.C. 3923.12(C)(2), the statute provides, as follows:

"(C) Each such policy shall contain in substance the following provisions:
"* * *

"(2) A provision that the insurer will furnish to the policyholder, for delivery to each employee or member of the insured group, an individual certificate setting forth in summary form a statement of the essential features of the insurance coverage of such employee or member and to whom benefits thereunder are payable; if dependents or members of the immediate family of such employee or member are included in the coverage, only one certificate need be issued for each family unit;"

R.C. 3923.12 refers to the duty of the employer to deliver to *each employee* an individual certificate supplied by the insurer explaining the essential features of his insurance coverage. Duplication of the certificate and delivery to

dependents or members of the employee's family are not required where they are included in the same coverage. However, R.C. 3923.12(C)(2) does not determine eligibility within the family unit, and each member of the family is not excluded from receiving his own certificate if he or she is also an employee of the policyholder and is entitled to separate coverage. Therefore, R.C. 3923.12(C)(2) does not preclude defendant from delivering certificates individually to plaintiffs and their spouses under the group contract.

Defendant also makes reference to the limitations placed upon the coordination of benefits by a covered employee as set forth in the certificates (also referred to as booklets) provided to each employee describing the benefits allowed. It is defendant's contention that under paragraph B of Article VII plaintiffs were not allowed to coordinate benefits arising out of the same group contract. However, the language of Article VII fails to support defendant's position. Article VII provides, in pertinent part, as follows:

"A. If a Covered Person has other valid coverage with any other insurance carrier and if such other coverage provides any of the services and supplies covered hereunder, Blue Cross and Ohio Medical shall pay amounts otherwise payable under this Booklet. However, such payment shall be limited to amounts for Covered Services not provided under other coverage. In the event that Blue Cross and Ohio Medical pay the total amount payable hereunder without knowledge of such other insurance coverage the Covered Person shall be required to reimburse the amount paid in excess of the required amount to be paid in cases of multiple coverage.

"B. If the Covered Person has other Blue Cross and Ohio Medical coverage similar to the coverage under this Booklet, he or she must elect which contract will remain in force. If the Covered Person elects the other contract, Blue Cross and Ohio Medical shall refund the subscription fees for the Covered Person paid within the last preceding year. Refund shall only be made to the Policy Holder and only upon such Policy Holder's request. Blue Cross and Ohio Medical shall not provide any refund if payment for benefits hereunder has been made to or on behalf of such Covered Person during the year."

The first sentence of paragraph B speaks only of the situation where the covered person has similar coverage under two or more group contracts issued by Blue Cross and Blue Shield. In the instant case plaintiffs sought additional coverage under the same group contract. Therefore, they need not make an election as to which coverage will remain in force and may coordinate the benefits they received as though each had received valid coverage from another insurance carrier. Accordingly, defendant's second and third assignments of error are overruled.

For the foregoing reasons, defendant's first, second and third assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and NORRIS, J., concur.